UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NAGHAM ABBAWI,<br>      Plaintiff,<br>v.<br><br>HENRY FORD HEALTH SYSTEMS,<br>      Defendants.<br>_____/ | Case No. 22-13008<br><br>Denise Page Hood<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER REGARDING DISCOVERY DEADLINES

Plaintiff Nagham Abbawi filed this case on December 12, 2022. (ECF No. 1). This matter was referred to the undersigned for all pretrial matters. (ECF No. 23).

On November 10, 2023, Plaintiff filed a motion to compel discovery responses, which the Court granted in part on March 6, 2024. (ECF Nos. 21, 26). Plaintiff then filed a motion to compel depositions. (ECF No. 29). In a telephonic status conference on May 2, 2024, Plaintiff agreed to withdraw her motion to compel depositions, and the parties agreed to file a stipulated proposed order for an extension of time for discovery. (ECF No. 35). They submitted this proposed stipulated order on May 15, 2024.

The proposed order stated that the parties "desire to conduct depositions after written discovery has been completed." They agreed to "a stay of the

Discovery deadlines until Defendant has fully complied with the Court's March 6, 2024 Order . . . compelling certain discovery." They stated that the discovery deadlines would "then be extended 120 days beginning from the date the compelled discovery is produced; and for all other deadlines to be extended accordingly."

The undersigned agrees with setting new discovery dates. That said, these deadlines will not be set on an indefinite date when the compelled discovery is produced. Around 60 days have elapsed since the parties submitted the stipulated proposed Order, the parties will be given new discovery dates 60 days from the date of this Order, being September 13, 2024.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: July 15, 2024                             s/Curtis Ivy, Jr.
                                                Curtis Ivy, Jr.
                                                United States Magistrate Judge

## CERTIFICATE OF SERVICE

    The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on July 15, 2024.

                                                s/Sara Krause
                                                Case Manager
                                                (810) 341-7850