UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAGHAM ABBAWI,

        Plaintiff,                              Case No. 22-13008

v.                                            Hon. Denise Page Hood

HENRY FORD HEALTH SYSTEMS,

        Defendant.

_____ __/

## ORDER DENYING PLAINTIFF'S MOTION TO STAY DISPOSITIVE MOTION DEADLINES PURSUANT TO FED. R. CIV. P. 56(d) WITHOUT PREJUDICE (ECF No. 63)

After review of Plaintiff's Motion, the Court finds Plaintiff failed to comply with Local Rule 7.1 which requires parties int the Eastern District of Michigan to seek concurrence before filing a motion. E.D. Mich. LR 7.1(a). Specifically,

> [T]he movant must ascertain *before* filing whether the contemplated motion or request under Federal Rule of Civil Procedure 6(b)(1)(A) will be opposed. To accomplish this, the movant *must confer* with the other parties and other persons entitled to be heard on the motion in good faith and in a manner that reasonably explains the basis for the motion and allows for an *interactive process* aimed at reaching agreement on the matter or those aspects of the matter that can be resolved without court intervention, given the nature of the contemplated motion. *The conference must be held sufficiently in advance of filing the motion to allow a good faith interactive exchange aimed at resolving the matter.* If the movant obtains concurrence, the parties or other persons involved may make the subject matter of the contemplated motion or request a matter of record by stipulated order.

E.D. Mich. LR 7.1(a). The Comment section states,

> LR 7.1(a) requires that a moving party conduct a meaningful and timely conference with other parties to explain the nature of the relief sought and the grounds for the motion, to seek concurrence, and to narrow the issues. The Court's strong preference is for conferences held in a manner that facilitates discussion and debate, such as in person, by video or by telephone. Sometimes, email exchanges may suffice if the motion is rudimentary and uncomplicated, or to document conversations. But sending an email without engaging the other parties will not satisfy this rule.

E.D. Mich. LR 7.1, COMMENT. Plaintiff sent an email to opposing counsel, and it does not appear Plaintiff engaged opposing counsel. The email indicated the motion would be filed later that evening, which does not appear to allow sufficient time in advance of filing to engage opposing counsel in a discussion on the merits of the motion. Local Rule 7.1 further states that if concurrence is not obtained, the motion must reflect:

> (A) there was a conference between attorneys or unrepresented parties and other persons entitled to be heard on the motion in which the movant explained the nature of the motion or request and its legal basis and requested but did not obtain concurrence in the relief sought;
> (B) despite reasonable efforts specified in the motion or request, the movant was unable to conduct a conference;
> (C) concurrence in the motion has not been sought because of the emergent nature of the relief requested in the motion; or
> (D) concurrence in this motion has not been sought because the movant or nonmovant is an incarcerated prisoner proceeding pro se.

E.D. Mich. LR 7.1(a)(2). Plaintiff's motion does not reflect any of the above and this conduct fails to satisfy the rule's requirements. *Liberty Mut. Fire Ins. Co. v. Maple Manor Neuro Ctr. Inc.*, No. CV 20-13170, 2022 WL 4359550, at *7 (E.D.

Mich. Sept. 20, 2022).  The Court denies without prejudice Plaintiff's motion. Plaintiff may refile the motion if it is in compliance with Local Rule 7.1 and Defendant does not concur in the relief sought.

Accordingly,

IT IS ORDERED that Plaintiff's Motion to Stay Dispositive Motion Deadlines Pursuant to Fed. R. Civ. P. 56(d) (ECF No. 63) is DENIED without prejudice.

s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

Dated:  October 16, 2025